IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY FORD, IDOC # N20126, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-830-GPM |
| | ) | |
| DERWIN L. RYKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Bobby Ford, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of three years' imprisonment at the Hill Correctional Center ("Hill") for retail theft, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

In Ford's pro se complaint in this case, Ford alleges that on July 29, 2010, while he was sleeping in a cell at the Lawrence Correctional Center ("Lawrence"), Ford was awakened by an influx of a poisonous gas into his cell through an open window. Ford alleges that, as a result of exposure to the gas, he became nauseated and experienced a burning sensation in his skin, irritation of his eyes, dizziness, and vomiting, as well as damage to his immune system. Ford, a "frequent filer" in this and other courts, believes that the alleged gas incident was the result of malice on the part of unknown IDOC employees, possibly targets of previous lawsuits filed by Ford, and calls the incident "some kind of cruel experiment conducted on me, an [sic] the whole prison compound without any penological justification for the hideous attack!" Doc. 1 at 5. Ford frets that IDOC personnel who have been targets of his lawsuits in the past may be plotting another "deadly attack" on him. *Id*. at 6. Ford alleges that he requested medical aid for the symptoms caused by exposure to the gas from Defendant C/O Milan, a correctional officer at Lawrence, but the request was denied. Also named as Defendants in the case, in addition to Milan, are Derwin L. Ryker,

the warden of Lawrence, and Assistant Warden Hodges, Assistant Warden Campanella, Pamela Moran, and Counselor Strubhart, who were at the times relevant to this case, respectively, assistant wardens at Lawrence, the grievance officer at Lawrence, and the grievance counselor at Lawrence.[1] Ford alleges that Ryker, Hodges, Campanella, Moran, and Strubhart ignored and failed to act on Ford's complaints about the gas incident and his attempts to identify the persons responsible for the incident. Ford demands $50,000 in compensatory damages and $100,000 in punitive damages from each Defendant.

The test of a frivolous complaint has been articulated in a number of different ways. The United States Court of Appeals for the Seventh Circuit has held that "an action is frivolous only if the petitioner can make no rational argument in law or facts to support his claim for relief." *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (quoting *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983)). The Supreme Court of the United States has said that a complaint is frivolous if its allegations are "palpably incredible." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). *See also Anderson v. Coughlin*, 700 F.2d 37, 43 (2d Cir. 1982) (a complaint is frivolous if its allegations are "beyond credulity"). More recently, the Supreme Court has identified a frivolous complaint as one the allegations of which are "fanciful," "clearly baseless," "fantastic," and "delusional." *Neitzke*, 490 U.S. at 325, 327-28. The Seventh Circuit Court of Appeals in turn has defined a "frivolous claim" as one that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). These various iterations of "frivolous" are, in essence, different ways of saying that "the facts alleged in [a] complaint are so nutty ('delusional'

---

1. Ford's complaint appears also to assert some kind of claim against Jackie Miller, a member of the IDOC's administrative review board, but the complaint contains no allegations of wrongdoing by Miller.

is the polite word) that they're unbelievable[.]" *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). When evaluating "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar," a court has "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327-28. Accordingly, in determining frivolousness, courts have "the authority to 'pierce the veil of the complaint's factual allegations'" and "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327). Also, a court is not required to "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." *Id*. (quoting *Neitzke*, 490 U.S. at 325). Thus, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33. Too, dismissal is proper "in a prisoner's case . . . when the factual allegations [of a complaint] are incredible." *Gladney*, 302 F.3d at 774 (citing *Blackledge*, 431 U.S. at 76).

In this case, Ford's allegations that IDOC personnel deliberately attacked his housing unit at Lawrence with poison gas (possibly as revenge for previous lawsuits Ford has brought against IDOC officers and employees) are nutty – or, if Ford prefers, delusional – and compel the immediate dismissal of this case. Naturally, the truth behind the gas incident at Lawrence on July 29, 2010, appears to be something far more prosaic than Ford imagines, namely, that during a tactical team drill outside Ford's housing unit at Lawrence, wind accidently carried some oleoresin capsicum spray ("OC spray"), commonly known as pepper spray, into Ford's housing unit. *See* Doc. 1-1 at 11.

However, 42 U.S.C. § 1983 does not punish merely negligent conduct on the part of state actors. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (a "mere lack of due care by a state official" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (in order for a state prisoner to make out a Section 1983 claim for an Eighth Amendment violation, negligence or even gross negligence is not enough; rather, a prisoner must show actual intent or deliberate indifference on the part of state actors); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference," in violation of the Eighth Amendment); *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 305-06 (1991)) (mere negligence on the part of prison officials does not satisfy the "deliberate indifference" standard required to constitute a violation of the Eighth Amendment). Naturally, there are other defects in Ford's complaint warranting dismissal, such as the fact that a prison official's failure to act on, or denial of, a prisoner's complaints and grievances about the conditions of the prisoner's confinement do not rise to the level of a deprivation of the prisoner's constitutional rights. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996); *Webb v. Randle*, Civil No. 10-470-GPM, 2011 WL 678815, at *4 (S.D. Ill. Feb. 16, 2011).[2] However, Ford already has wasted enough of the Court's time with his frivolous complaint, and the Court does not intend to devote any more of its resources to this matter. This case will be dismissed.

---

2. With respect to Ford's claim against Milan for denial of medical care, exposure to OC spray has no lasting effects, and the treatment for such exposure "consists primarily of flushing the eyes with water." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 319 n.1 (5th Cir. 2000). Here Ford concedes that during and after the gas incident at Lawrence he was able to flush his eyes with water at the sink in his cell. *See* Doc. 1 at 5.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Ford's complaint in this case is frivolous. Therefore, this case is **DISMISSED with prejudice**. Ford is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). Pursuant to 730 ILCS 5/3-6-3(d), the Court **FINDS** that Ford's complaint is frivolous as lacking an arguable basis in law and in fact and as asserting a claim that is not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. *See* 730 ILCS 5/3-6-3(d)(1)(A), (d)(1)(C); Ill. Admin. Code tit. 20, § 504 App. A(212); *Carter v. Rednour*, No. 07-cv-550-JPG, 2010 WL 3835777, at **1-2 (S.D. Ill. Sept. 24, 2010). The Clerk of Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 4, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge